IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01213-BNB

ARTHUR A. OLIVER,

Applicant,
v.

R. WILEY, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 20 2008

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Applicant Arthur A. Oliver is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Oliver initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. s 2241. On July 8, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response (Response) and address the affirmative defense of exhaustion of administrative remedies. Respondent filed a Preliminary Response on August 8, 2008, and Applicant filed a Reply on August 26, 2008.

The Court must construe the Application and the Reply liberally because Mr. Oliver is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Application is held to standards less stringent than those governing a formal pleading drafter by lawyers. *See id.* However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

Mr. Oliver is challenging the BOP's determination that he is not eligible to receive

a sentence reduction pursuant to 18 U.S.C. s 3621(e)(2)(B). Section 3621(e)(2)(B) provides that the BOP may grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete the Residential Drug and Alcohol Abuse Program (RDAP). Mr. Oliver further asserts that the BOP's decision to categorically deny early release to statutorily eligible prisoners who complete the RDAP is invalid as arbitrary, capricious, and an abuse of discretion and otherwise not in accordance with the law under 5 U.S.C. s 706(2)(A) of the Administrative Procedure Act. Mr. Oliver contends that his claim was not addressed in **Lopez v. Davis**, 531 U.S. 230 (2001), in which the U.S. Supreme Court upheld the validity of the BOP rule that narrows the class of prisoners not eligible for early release, including, like Mr. Oliver, those individuals who were convicted of an offense that involved a firearm.

Mr. Oliver also asserts that the BOP's December 2000 final rule categorically denies early release under s 3621(e) for those individuals who were convicted of offenses involving the carrying, possession, or use of firearms or other dangerous weapons even if they have completed the RDAP. Applicant concludes that exhaustion of the administrative remedies available to him, therefore, is futile.

Respondent argues that it is undisputed that Applicant has failed to exhaust his administrative remedies. (Resp. at 7.) He further contends that Applicant has failed to show futility and irreparable harm in his having to exhaust his administrative remedies. (Resp. at 7.)

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. s 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th
2

Cir. 1986). Mr. Oliver is correct that the exhaustion requirement may be waived if exhaustion would be futile in this case. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). The futility exception is quite narrow and has been applied by the Tenth Circuit only where a recent adverse determination disposing of the precise point is raised by an applicant. *See Goodwin v. Oklahoma*, 923 F.2d 156, 157-58 (10th Cir. 1991) (holding that exhaustion of state remedies is not necessary where the state's highest court has explicitly and recently addressed the precise issue advanced by a petitioner).

Mr. Oliver fails to convince the Court that exhaustion of administrative remedies would be futile in this case. He asserts that his challenge to the BOP's rule was not addressed in *Lopez*. Accordingly, there is not a recent adverse determination that disposes of the precise point which Mr. Oliver is raising. An administrative remedy request would not be categorically denied by the BOP. He, therefore, has relief available to him through the BOP administrative remedy procedure.

Furthermore, to find that it is appropriate to waive exhaustion of Mr. Oliver's administrative remedies because it takes a significant amount of time to complete the process, the Court would have to determine that in fact exhaustion of administrative remedies would be futile. Mr. Oliver does not counter, in his Reply, Respondent's argument that the earliest he may be considered for release would be January 19, 2009. Applicant argues it would take more than 160 days, which Respondent claims an administrative remedy request at the longest may take to exhaust, to complete the administrative remedies process. (Reply at 10.) Mr. Oliver's claim that administrative remedy requests are routinely lost, ignored, or misplaced is conclusory and vague. The

3

examples he gives of his past attempts to process an administrative remedy request do not indicate that he was delayed in processing either of his requests.

In his first example, he appealed to the warden and was denied his request to be transferred from one facility to another by a family member. He claims he first submitted the request to his "team" in April 2006 and then when the team denied his request submitted an appeal to the warden. The warden denied his request on May 8, 2006, within twenty days after the appeal was received by the warden, which is within the required time under 28 C.F.R. § 542.18. (Reply at Ex. 1.) Mr. Oliver provides no evidence that he sought to appeal the warden's denial and that his appeal was delayed. As for the second administrative remedy request, Applicant does not assert that he filed a formal administrative remedy request after he failed to receive a response to his inmate request. *See* 28 U.S.C. § 542.13.

Mr. Oliver fails to provide any basis for finding that exhaustion of the administrative remedy procedure would take such an inordinate amount of time that exhausting the remedies would not be complete before Mr. Oliver would be entitled for an early release and such exhaustion, therefore, would be futile. Moreover, if Mr. Oliver had initiated an inmate request on May 30, 2008, the day he submitted the instant action to this Court, he would have had over seven months or at least 210 days to exhaust his administrative remedies prior to January 19, 2009. The fact that Mr. Oliver now has lost some of the time available to him by choosing to seek judicial relief prior to exhausting administrative remedies does not alter the Court's conclusion that if is not futile for Applicant to exhaust his administrative remedies. Accordingly, it is

4

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 25 day of Sept., 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01213-BNB

Arthur A. Oliver
Reg. No. 07403-091
FPC- Florence
PO Box 5000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/29/08

                                    GREGORY C. LANGHAM, CLERK

                         By: _____
                                 Deputy Clerk