IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01213-ZLW

ARTHUR A. OLIVER,

    Applicant,

v.

R. WILEY, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 24 2008

GREGORY C. LANGHAM
                  CLERK

---

ORDER DENYING FED. R. CIV. P. 59(e) MOTION
TO AMEND OR ALTER JUDGMENT

---

This matter is before the Court is the *pro se* "Motion Pursuant to Fed. R. Civ. P. 59(e) to Amend – Alter Judgment" filed with the Court on October 8, 2008, by Applicant Arthur A. Oliver. Mr. Oliver is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Prison Camp in Florence, Colorado. He seeks reconsideration of the Order of Dismissal and the Judgment filed on September 29, 2008, denying his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The Court must construe the Motion liberally because Mr. Oliver is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

The Court denied the Application and dismissed the action without prejudice for failure to exhaust BOP administrative remedies. The reasons for the dismissal are explained in detail in the Order of Dismissal filed on September 29, 2008.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; ***see also Dalton v. First Interstate Bank***, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). ***Van Skiver***, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. ***Van Cauwenberghe v. Biard***, 486 U.S. 517, 521-22 (1988); ***In re Durability, Inc.***, 893 F.2d 264, 265 (10th Cir. 1990). The September 29, 2008, Order of Dismissal and the Judgment denied the Application and dismissed the action without prejudice. The instant Motion was filed on October 8, 2008, which is within ten days of the final judgment in the instant action. ***See*** Fed. R. Civ. P. 6(a). The Motion properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to alter or amend that reiterates issues originally raised in an application and that seeks to challenge the legal correctness of a court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). ***See Van Skiver***, 952 F.2d at 1244. Upon consideration of the Motion and the entire file, the Court finds and

concludes that Mr. Oliver fails to demonstrate some reason why the Court should alter or amend the September 29, 2008, Order of Dismissal and the Judgment in this action. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that Applicant's Motion Pursuant to Fed. R. Civ. P. 59(e) to Amend – Alter Judgment, (Doc. No. 14), filed October 8, 2008, is denied.

DATED at Denver, Colorado, this 23 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01213-ZLW

Arthur A. Oliver
Reg. No. 07403-091
FPC- Florence
PO Box 5000
Florence, CO 81226-5000

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/24/08

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk